UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BADRA KABA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV425-032 |
| | ) |
| UNKNOWN, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Badra Kaba filed an ambiguous request for habeas corpus relief in the Middle District of Georgia. *See* doc. 1. It was construed as a petition pursuant to 28 U.S.C. § 2241 and transferred to this Court. *See generally* doc. 4. Because of the deficiency of the Petition, the Court directed Kaba to refile it using the proper form. *See generally* doc. 8. He complied. Doc. 13 (Amended Petition). The Court, therefore, proceeds to screen the Amended Petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

1

court, the judge must dismiss the petition . . . .").[1] For the reasons explained below, it should be **DISMISSED**. Doc. 13. Kaba also filed several motions, respectively, requesting appointed counsel, doc. 9, and seeking an order concerning the filing fee, doc. 10. Those motions are addressed below.

First, Kaba has requested court-appointed counsel. *See* doc. 9. There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

that counsel be appointed unless appointment of counsel is necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted). The Court discerns no "exceptional circumstances" warranting appointment of counsel; particularly, as explained below, because Kaba's Petition should be dismissed. Kaba's request for appointed counsel is, therefore, **DENIED**. Doc. 9.

Kaba has also filed a Motion indicating that an unidentified individual at "the front desk," where he is incarcerated informed him that he or she would not issue a money order to pay the required filing fee without a court order. *See* doc. 10. There is no discernable basis for this Court to direct any employee of what appears to be the Liberty County Jail to remit funds. However, failure to pay the required filing fee does not otherwise deprive this Court of jurisdiction. *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020), *receded from on other grounds by Wells v. Brown*, 58 F.4th 1347 (11th Cir. 2023). Since, as explained below, Kaba's Amended Petition should be dismissed, if the District Judge adopts that recommendation, his request concerning an order requiring the jail to deduct funds from his account should be **DISMISSED** as moot. Doc. 10.

Kaba's Amended Petition makes it clear that he is in the custody of state authorities. *See* doc. 13 at 1. He alleges that some state proceeding against him is pending in Bryan County Superior Court, *id.* at 2, 3, and that he is, alternatively, in the custody of Liberty or Bryan County, Georgia officials, *id.* at 1. His limited factual allegations indicate that he was arrested in November 2018 and that he was subsequently "transferred to ICE." *Id.* at 2. He was released in October 2020. *Id.* His current detention commenced in October 2024 when he was arrested "for failure to appear on the same case." *Id.* He requests that this Court "[h]ave ICE hold or detainer remove[d]," and "[h]ave Bryan County release [him] . . . ." *Id.* at 7. As discussed below, his requests for relief against both the United States Immigration and Customs Enforcement ("ICE") and Bryan County, Georgia implicate two distinct analyses. However, it is clear that his § 2241 petition fails against either respondent.

As an apparent pretrial detainee, a § 2241 petition is the proper means for Kaba to seek release from custody. *See, e.g., Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas

4

petition should . . . [be] treated as a § 2241 petition."). The Eleventh Circuit has explained, however, that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or on collateral review." *Id.* at 1096 (internal quotation marks and citations omitted). Kaba's Petition indicates that, although he has filed motions in his criminal case, he has not presented his complaints in any state proceeding beyond the trial court. *See* doc. 13 at 3-4, 7. The Petition is, therefore, clear that Kaba's challenge to his state custody has not been presented to "the state's highest court," *i.e.*, the Supreme Court of Georgia.

Moreover, under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Kaba must exhaust all available

remedies provided under state law before he can seek relief in this Court. *Cf. Daker v. Sapp*, 2019 WL 3713713, at *6 (S.D. Ga. Aug. 6, 2019) ("Federal habeas corpus should not be used as a pretrial motion forum for state prisoners." (internal quotation marks and citation omitted)).

This Court should also abstain from hearing his claims challenging his state custody while those proceedings are pending pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971). *See Johnson*, 32 F.4th at 1099 (explaining that an unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). The Eleventh Circuit has denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See McGowan v. Director of Miami-Dade Dept. of Corrs. & Rehabilitation*, 2023 WL 7321634, at *1 (11th Cir. June 7, 2023); *Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief."

*Lewis*, 2021 WL 5217718, at *1 (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine, where: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *McGowan*, 2023 WL 7321634, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Lewis*, 2021 WL 5217718, at *1 (citing *Younger*, 401 U.S. at 49). Nothing in Kaba's Petition suggests that any of the *Younger* exceptions apply.

This Court also lacks jurisdiction over Kaba's claim that the detainer lodged by ICE is defective. As another court in this Circuit has explained, "[f]or a court to have jurisdiction over an immigration-related habeas claim, the petitioner must be in the 'custody' of the immigration

7

agency." *Yong Cha Lee v. Bradley*, 2019 WL 7597247, at *1 (N.D. Ala. Nov. 20, 2019) (collecting cases). The Eleventh Circuit has also made explicitly clear that ICE's "filing of [a] detainer, standing alone, did not cause him to come within the custody of," the United States immigration agency. *Louis v. Sec'y, Fla. Dept. of Corrs.*, 524 F. App'x 583, 584 (11th Cir. 2013) (internal quotation marks, alterations, and citation omitted). The Court, therefore, lacks jurisdiction to consider any challenge to the ICE detainer.

The face of Kaba's Petition shows, therefore, his claims challenging his state custody are unexhausted and that they appear to be barred by *Younger* abstention and the Court lacks jurisdiction to consider his challenge to the ICE detainer. Accordingly, the Amended Petition should be **DISMISSED**. Doc. 13. His Motion for court-appointed counsel is **DENIED**. Doc. 9. His request concerning his filing fee should be **DISMISSED** as moot. Doc. 10. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court

and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 16th day of April, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA