IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BADRA KABA,

    Petitioner,

v.

UNKNOWN,

    Respondent.

CIVIL ACTION NO.: 4:25-cv-32

**O R D E R**

Before the Court is the Magistrate Judge's April 16, 2025 Report and Recommendation, (doc. 15), to which Petitioner Badra Kaba has objected, (doc. 19). After a careful de novo review, the Court agrees with the Magistrate Judge's recommendation. The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 15), as its opinion. Petitioner's Petition for Writ of Habeas Corpus, as amended, is **DISMISSED**. (Docs. 1 & 13.) Before discussing the Report and Recommendations and objections, however, the Court must address several other motions.

First, the Magistrate Judge recommended that Kaba's Motion requesting a court order requiring a jail employee to remit funds to pay the filing fee be dismissed as moot, upon adoption of the Report and Recommendation. (See doc. 15, p. 3.) However, Kaba filed a formal request to proceed in forma pauperis. (Doc. 17.) Since it appears that Kaba lacks sufficient funds to pay the required filing fee, that Motion is **GRANTED**. (Doc. 17.) The prior Motion is, therefore, **DISMISSED** as moot. (Doc. 10.)

Second, Kaba has filed a second request that counsel be appointed to represent him. (Doc. 18.) As the Magistrate Judge previously explained, Kaba is not entitled to court-appointed counsel

and this case presents no extraordinary circumstances that warrant discretionary appointment. (Doc. 15, pp. 2-3). The instant Motion does not address the Magistrate Judge's prior analysis or present any basis for the request. (See doc. 18.) For the reasons explained by the Magistrate Judge, therefore, the Motion to Appoint Counsel is **DENIED**. (Doc. 18.)

As to the substance of Kaba's Petition, the Magistrate Judge explained that it presented a somewhat odd request for relief. First, the Petition did not clearly identify Kaba's present custodian and sought relief against both state authorities, some of whom appeared to be Kaba's present custodians, and United States Immigration and Customs Enforcement ("ICE"), which had lodged a detainer against Kaba. (Doc. 15, p. 4.) The Magistrate Judge explained that the Court was required to abstain from proceeding on Kaba's request for relief against state authorities, pursuant to the Supreme Court's opinion in Younger v. Harris, 401 U.S. 37 (1971), and that any such claim was unexhausted. (Doc. 15 at 4-7.) As to the requested relief from the ICE detainer, the Magistrate Judge explained that the Court lacked jurisdiction because Kaba was not in ICE's custody. (Id., pp. 7-8.) Kaba's Objection does not identify any defect in the Magistrate Judge's analysis. (See generally doc. 19.) He suggests, somewhat inconsistently, that there is no state case pending in one of the counties referred to, "except long incarcerations without a Due Process." (Id., p. 1.) That indicates, relatively clearly, that the Magistrate Judge was correct in his inference that Kaba is in state custody. Kaba also disputes the legitimacy of what appear to be state proceedings against him in 2018, (id.), but the relevancy of those proceedings to the instant Petition are, charitably, obscure. Finally, Kaba asserts that ICE's detainer is, somehow, defective because he has never been convicted in state court. (Id., p. 2.) However, that assertion, again, appears to confirm the Magistrate Judge's inference that Kaba is not in ICE's custody. The Court, therefore, agrees with the Magistrate Judge's determination that, to the extent Kaba's Petition seeks relief

2

against state authorities, it either must abstain under Younger, or the claims are unexhausted, and, to the extent it seeks relief against ICE, the Court lacks jurisdiction.  The Petition, as amended, is, therefore, **DISMISSED**.  (Docs. 1 & 13.)

Finally, Kaba has filed a procedurally ambiguous document titled "Motion and Demand for Relief."  (Doc. 16.)  That document explains that Kaba was arrested, after a traffic stop, on a bench warrant from a court in Bryan County, Georgia.  (Id., p. 1.)  He asserts that the bench warrant issued erroneously.  (Id.)  He was transferred to ICE custody and subsequently released.  (Id., pp. 1-2.)  He was granted a bond, apparently in Bryan County, but remains in custody, apparently based on the bench warrant.  (Id., p. 2.)  He states that his continued incarceration violates his constitutional rights.  (Id., p. 2.)  He does not request any specific relief.  (See generally, id.)  Whatever the precise nature of Kaba's filing, it does no more than bolster the Magistrate Judge's determination that he remains in the custody of state officials and that his dispute concerning the legitimacy of that custody remains unexhausted in state court.  As the Magistrate Judge explained, to the extent that Kaba challenges his custody by state authorities, he must exhaust his state remedies before he seeks relief in federal court.  (See doc. 15, p. 5 (citing Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022).)  There is no indication in Kaba's Motion that he has even sought relief in state court, much less that he has exhausted that process.  (See generally, doc. 16.)  Since his Motion presents no discernable claim for relief, it is **DISMISSED**.  (Doc. 16.)

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on

appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 2nd day of May, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA